UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
HON. DUANE ALPHONSE HART, a Justice
of the Supreme Court of the State of New York
for the County of Queens,

                Plaintiff,

       v.

RAOUL LIONEL FELDER, as Chairman of the
New York State Commission on Judicial Conduct,

                Defendant.
----------------------------------------------------X

**MEMORANDUM & ORDER**
**07-CV-5045 (NGG)(CLP)**

GARAUFIS, District Judge.

On December 5, 2007, Plaintiff Hon. Duane Alphonse Hart ("Hart" or "Plaintiff") filed an action pursuant to 42 U.S.C. § 1983 against Raoul Lionel Felder ("Felder" or "Defendant"), in his capacity as Chairman of the New York State Commission on Judicial Conduct. Plaintiff, a justice of the New York State Supreme Court, Queens County, alleges violations of his civil rights surrounding ethics charges brought against him by the New York State Commission on Judicial Conduct ("Commission"). Accompanying his Complaint is Plaintiff's request for an Order to Show Cause and a preliminary injunction staying the ethics proceedings before the Commission. Oral argument before the Commission on those charges is scheduled for tomorrow, December 6, 2007.

Pursuant to Plaintiff's request, this court held oral argument on the afternoon of December 5, 2007, with counsel for both parties present. For the reasons set forth below, Plaintiff's request for a preliminary injunction staying the Commission proceedings is DENIED.

## I. Background

For purposes of this motion, the court need not recite the substantive details of the ethics complaints against Plaintiff. According to Plaintiff's moving papers and representations by both parties at oral argument, investigation into complaints against Plaintiff began in 2002, resulting in a finding of guilt and a sentence of censure. (Plaintiff's Memorandum of Law in Support of Rule 65 Injunction Relief ("Memo") at 2.) The New York Court of Appeals affirmed the decision. See In re Hart, 7 N.Y.3d 1 (N.Y. 2006). On December 1, 2006, the Commission commenced new charges against Plaintiff. (Complaint at 7.) Fact-finding on those charges has now ended, and as noted above, oral argument on the pending charges is scheduled for December 6, 2007.[1] (Memo at 3.)

The gravamen of Plaintiff's Complaint is that Defendant is racially biased against Plaintiff, who is African-American. Plaintiff further alleges that the Commission's proceedings against him have been tainted by this racial bias from their inception and that his due process rights have been violated during the entire process through, *inter alia*, manipulation of the record and denial of discovery. (Id. at 3.) Plaintiff argues that an injunction must issue to avoid the irreparable harm that will result if the proceedings before the Commission are allowed to proceed. (Id. at 6.)

---

[1] During the proceeding before this court, counsel for Defendant stated that Felder has withdrawn from participation in any further Commission proceedings against Plaintiff on this matter, including the scheduled oral argument.

## II. Discussion

Whether a preliminary injunction should issue staying further proceedings before the Commission raises questions of this court's power to enjoin the proceedings of a state administrative body. The answer under controlling precedent is clearly in the negative.

Under Younger abstention doctrine, "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings," Younger v. Harris, 401 U.S. 37, 43-45 (1971); see also Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423 (1982) (extending Younger specifically to state administrative proceedings), and the doctrine prohibits courts from "taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings," Spargo v. New York State Com'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003) (citation and internal quotation marks omitted). Rather than invoking this court's discretion, "Younger abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." Id.

In this case, it is undisputed that there is a pending state administrative proceeding. The parties also do not dispute, and Spargo makes clear, that a state's interest in regulating its own judicial system is "vital." See id. As for the third prong, counsel for Defendant represented at oral argument that Plaintiff may raise constitutional concerns at oral argument before the Commission, and this Circuit has stated as much. Id. at 78-79. Even more importantly, as evidenced by his appeal of the Commission's first adverse decision against him, Plaintiff has the opportunity to appeal the Commission's decision to the New York Court of Appeals, where he

3

may seek judicial review of his federal constitutional claims. See id. at 79 (noting that New York Court of Appeals' precedent establishes that "sanctioned judges may seek mandatory review of the Commission's decision before the Court of Appeals.")

Plaintiff argues that the opportunity for state-court review may be ineffective given the pervasive taint of racial bias that has infected the proceedings before the Commission from the inception of charges against him. Even assuming this is true, Spargo makes clear that the relevant question for abstention purposes is whether the litigant has an "'opportunity to raise and have timely decided by a competent state tribunal' the constitutional claims at issue in the federal suit," not whether that decision will ultimately be determined in his favor. Id. at 77; see also Kaufman v. Kaye, 466 F.3d 83, 87 (2d Cir. 2006) (rejecting plaintiff's argument that he could not obtain relief "under the same procedures [he] is now attacking as unconstitutional.").

Despite the troubling allegations in Plaintiff's complaint, Supreme Court and Second Circuit precedent—namely Younger and Spargo, respectively—mandate that this court must abstain from ordering a stay of the Commission's proceedings against Plaintiff. To be clear, in reaching this determination at this point in the procedural posture of this case, the court makes no findings as to whether the court may ultimately have jurisdiction over Plaintiff's Section 1983 claim or as to the ultimate merits of that claim. The Plaintiff may proceed with his federal action by the normal procedures of summons and complaint.

## III. Conclusion

For the reasons set forth above, pursuant to <u>Younger</u> abstention doctrine this court declines to issue a preliminary injunction staying the proceedings against Plaintiff before the Commission. Accordingly, the application is DENIED in its entirety.

SO ORDERED.

Dated: December 5, 2007
      Brooklyn, N.Y.

/signed/
NICHOLAS G. GARAUFIS
United States District Judge